**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CR. No. 07-117S** |
| **OLUWABUSAYO OGUNDARE** | : | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant Oluwabusayo Ogundare have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will plead guilty to the Indictment, which charges him with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); and (2) possession of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 844(a) (Count 2).

b. Defendant agrees that the American Arms, Inc., Model PK, .22 caliber semi-automatic pistol, serial number 002170, which is a firearm as defined in 18 U.S.C. § 921, seized by and currently in the custody and/or control of the Providence Police Department, was properly seized and was involved in the violation of 18 U.S.C. § 922(g)(1) to which Defendant has agreed to plead guilty (Count 1). Defendant agrees that the firearm is

subject to forfeiture to the United States pursuant to 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearm.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines (the "Guidelines"), but not including probation or a "split-sentence", even if permitted. If however, Defendant seeks a downward departure under the Guidelines or advocates for a sentence below the Guideline range, the government will then be free to recommend any term of imprisonment within the applicable Guideline range determined by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the Guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for

trial. If the offense level is 16 or greater, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution that it deems appropriate.

3. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult the Guidelines in fashioning any sentence in this case, the Guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the Guidelines:

a. The substance involved in Count 2 of the Indictment is cocaine base in the form of crack cocaine, and the government would have proven that fact beyond a reasonable doubt;

b. The total net weight of the cocaine base in the form of crack cocaine involved in Count 2 of the Indictment is

2.98 grams, and the government would have proven that fact beyond a reasonable doubt.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category apply in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the Guideline calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are as follows:

Count 1

a. Ten (10) years imprisonment;

b. a fine of $250,000;

c. a term of supervised release of three (3) years; and

d. a mandatory special assessment of $100.

Count 2

a. Two (2) years imprisonment, with a mandatory minimum term of imprisonment of fifteen (15) days;

b. a fine of $250,000, with a mandatory minimum fine of $2500;

c. a term of supervised release of one (1) year; and

d. a mandatory special assessment of $100.

7. Defendant agrees that after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the Guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of the witnesses against him; and

f. Defendant waives these trial rights if the Court accepts his plea of guilty.

g. Defendant is also advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands he could request DNA testing of such evidence in this case prior to any findings of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense to which he is pleading guilty, he has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offense to which he is pleading guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the

right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the Guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the government's recommendations and is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that, even if the Court's Guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives the right to file a direct appeal if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under this agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the Guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to

his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| OLUWABUSAYO OGUNDARE<br>Defendant | 9/28/07<br>Date |
| DAMON M. D'AMBROSIO<br>Counsel for Defendant | 9/28/07<br>Date |
| PETER F. NERONHA<br>Assistant U.S. Attorney | 9/28/07<br>Date |
| STEPHEN G. DAMBRUCH<br>Assistant U.S. Attorney<br>Chief, Criminal Division | 09/28/2007<br>Date |